UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3138-BO

| | |
|---|---|
| JAMES LEWIS SANFORD,<br>    Plaintiff,<br><br>v.<br><br>KENNETH LASSITER, et al.,<br>    Defendants. | )<br>)<br>)<br>)   O R D E R<br>)<br>)<br>) |

On June 6, 2013, plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), and the matter was allowed to proceed. Now before the court are several motions filed by plaintiff: a motion for entry of default [D.E. 18] and a second motion for appointment of counsel [D.E. 20].

As stated in the prior court order, there is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims, and the case does not appear to present exceptional circumstances. Therefore, the motion is again denied.

The January 18, 2014, motion for entry of default is denied. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Entry of default pursuant to Federal

Rule of Civil Procedure 55 is not proper in this case. While it appears that defendants' notice of appearance by counsel and answer were filed one day late on January 21 2014, the mistake was inadvertent and quickly reconciled. D.E. 14, 16, and 17. Clearly plaintiff has suffered no prejudice. Furthermore, public policy strongly prefers that courts decide cases on the merits. See, e.g., Colleton Prep. Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417-21 (4th Cir. 2010).

Accordingly, plaintiff's motion for appointment of counsel is DENIED [D.E. 20] as is his motion for entry of default [D.E. 18].

SO ORDERED, this the _28_ day of May 2014.

TERRENCE W. BOYLE
United States District Judge