IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:13-CT-03138-BO

| | |
|---|---|
| JAMES LEWIS SANFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Plaintiff's motions for discovery, to appoint counsel, and for extension of time to respond to Defendants' summary judgment motion. [DE-60, -63]. Defendants did not respond. For the reasons that follow, Plaintiff's motions are allowed in part and denied in part.

## I. BACKGROUND

On June 6, 2013, James Lewis Sanford ("Plaintiff"), an inmate in the custody of the state of North Carolina, initiated *pro se* this action under 42 U.S.C. § 1983 alleging use of excessive force against Defendants. [DE-1]. On frivolity review, the court allowed Plaintiff to proceed with his claims. [DE-7]. On February 21, 2014, Plaintiff filed requests for production of documents [DE-23] and interrogatories [DE-24], on March 28, 2014, Plaintiff filed requests for admissions [DE-28], and on April 9, 2014, Plaintiff filed additional requests for production of documents [DE-30]. On March 20, 2014, Plaintiff filed a motion to compel discovery [DE-26].

On May 5, 2014, the court entered an order allowing additional time to complete discovery and file motions and deferred ruling on Plaintiff's motion to compel pending a response by Defendants. [DE-35]. On June 18, 2014, the court issued a show cause order based on Defendants'

failure to respond to Plaintiff's motion to compel or to seek a protective order, as directed in the court's May 5, 2014 order. [DE-43]. The show cause order further provided that Defendants may attempt to cure the deficiency prior to the show cause hearing and that the court may exercise its discretion to terminate the hearing and rule on the pending motions. *Id.* Defendants responded to the court's show cause order indicating they had responded to Plaintiff's requests for admissions [DE-28] and two sets of document requests [DE-23, -30], producing 543 pages of records and other documents, including videos requested by Plaintiff, interposing only limited objections based on security concerns and relevance [DE-48-2], and they were in the process of finalizing responses to Plaintiff's interrogatories [DE-24]. Defs.' Resp. [DE-48] at 3-4. The court found that Defendants had cured the deficiencies raised in the court's May 5, 2014 and June 19, 2014 orders by responding to Plaintiff's discovery requests, denied the motion to compel and terminated the July 1, 2014 show cause hearing. [DE-52]. On June 27, 2014, Defendants filed a motion for summary judgment. [DE-53]. Plaintiff filed the instant motions on July 14, 2014 [DE-60] and August 18, 2014 [DE-63]. On August 25, 2014, Plaintiff filed a response in opposition to Defendants' summary judgment motion. [DE-64].

## II. DISCUSSION

Plaintiff contends in his first filed motion that he lacks the necessary discovery to properly respond to Defendants' motion for summary judgment and seeks additional time to respond. [DE-60]. Plaintiff indicates he received Defendants' document production, but not the video or interrogatory responses. *Id.* at 2, 5. Plaintiff further requests that he be allowed to collect witness statements from other inmates, as previously requested in a motion pending before the court [DE-25]. *Id.* at 3. In a letter subsequently filed in support of Plaintiff's motion, he indicates that he had

2

by that point viewed the video, but that he was not allowed to retain a copy for submission to the court in support of his opposition to the summary judgment motion. [DE-61] at 3. Finally, Plaintiff requests appointment of counsel or other legal services to assist him generally with his case and specifically with making copies of documentary exhibits and the video to submit to the court in response to Defendants' summary judgment motion. [DE-61] at 5; [DE-63].

Plaintiff has now filed his response in opposition to Defendants' summary judgment motion, supported by an affidavit and over 200 pages of documents. [DE-64, 64-1, 64-2]. Plaintiff has received Defendants' document production of more than 500 pages and has viewed the video. While Plaintiff asserts that he failed to receive responses to a request for admissions from Defendant Slabach, which Plaintiff contends was served along with the request for admissions to Defendant Blanks, the request for admissions filed by Plaintiff with the court is only directed to Defendant Blanks. [DE-28]. The court declines to reopen discovery after the deadline has passed and a summary judgment motion and response have been filed.

With respect to the missing interrogatory responses, Defendants' counsel shall provide Plaintiff with a duplicate copy of these interrogatory responses, for which Plaintiff shall sign a proof of receipt, by no later than **September 10, 2014**, and Defendants' counsel shall file a certification with the court to include the proof of receipt, as well as indicating the date and method by which these responses were originally transmitted to Plaintiff. Plaintiff shall have until **September 19, 2014**, to supplement his response to Defendants' motion to summary judgment. However, any supplement shall be limited to information contained in the interrogatory responses. Additionally, Defendants' counsel shall submit a copy of the video at issue to the court by no later than **September 10, 2014**.

Plaintiff's motion to obtain witness statements [DE-25] has been submitted to the presiding judge and will be considered in due course.

Finally, there is no constitutional right to counsel in civil cases, and no exceptional circumstances exists in this case that would merit the appointment of counsel. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's claim is not complex, and he has demonstrated he is capable of proceeding *pro se*. Accordingly, the motion for appointment of counsel is denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motions for discovery, to appoint counsel, and for extension of time to respond to Defendants' summary judgment motion [DE-60, -63] are ALLOWED IN PART AND DENIED IN PART in conformity with the above.

SO ORDERED, the 7 day of September 2014.

Robert B. Jones, Jr.
United States Magistrate Judge